IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.: _____ |
| | )   JURY TRIAL |
| | ) |
| FAYETTE COUNTY BOARD OF | ) |
| EDUCATION A/K/A "FAYETTE | ) |
| COUNTY SCHOOLS" | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, KIMBERLY GREEN, by and through her attorneys, alleges for her Complaint as follows:

### I. INTRODUCTION

1.   Plaintiff brings this action against for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq.*

### II. THE PARTIES

### A. THE PLAINTIFF

2.   Plaintiff, Kimberly Green, currently resides in Lakeland, Tennessee and is a citizen of the United States.

3.   Plaintiff was hired by Defendant, Fayette County Board of Education, a/k/a Fayette County Schools, on or about August 3, 2009 and was advised of her termination on or about May 11, 2012.

4.      At times relevant hereto, Plaintiff was an FMLA "eligible employee", specifically under 29 U.S.C. Section 2611(2)(A) because she had been employed longer than 12 months and, prior to the commencement of her requested leave, had exceeded 1,250 hours of work.

## B. THE DEFENDANT

5.      Defendant, Fayette County Board of Education, a/k/a Fayette County Schools, is located within the Western District of Tennessee, Western Division, and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section 2611(4)(A).

6.      The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

## III. JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).  The court has supplemental jurisdiction over claims under the Tennessee Disability Act (TDA) pursuant to 28 U.S.C. §1367.

8.      Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c) because the Defendant "resides" within the District and the matters accrued within the District.

## IV. FACTS

9.      In 2011-2012, Plaintiff worked as a full time special education teacher at the Northwest Elementary School.

10.     Plaintiff suffers from migraine headaches and epilepsy.  These constitute a "serious health condition" for which Plaintiff needed to take a continuous leave of absence under the FMLA, beginning in March of 2012.  Plaintiff's condition is also a "disability" under the TDA because it substantially limited her in the major life activity of neurological functions (due to seizing), as well as concentration and perceiving.  She has a record of being substantially limited

in working, and Defendant perceived this would be a continuing problem for her (eventually refusing to renew her contract).

11. Plaintiff gave oral notification of her need for medical leave prior to its March 2012 inception.

12. In April of 2012, Defendant finally provided an FMLA Certification Form from Plaintiff's neurologist.

13. Plaintiff's physician timely completed the Certification of Health Care Provider form for Serious Health Condition. This form stated Plaintiff's serious health condition, need for leave, and duration of leave from March 16, 2012 to May 31, 2012. It also indicated that Plaintiff may experience episodic flareups of severe migraines.

14. Defendant, through its Human Resources Generalist, Ms. Christine Phillips, and its Deputy Superintendent, Lorene Essex, refused to accept the Certification, accusing Plaintiff of "FMLA fraud," because Plaintiff had completed certain sections of the form left blank by the employer.

15. Defendant stated that Plaintiff was required to have her physician complete the Certification all over again.

16. Plaintiff tendered the new Certification from her physician on or about May 11, 2012.

17. Upon presenting this Certification to Defendant, it was plain that Defendant already intended to deny Plaintiff's FMLA leave regardless of the Certification because it had already completed paperwork indicating this.

18. On or about that same day of May 11, 2012, Defendant denied Plaintiff's FMLA leave.

19. Defendant also issued a May 11, 2012 memo to Kimberly Green, from Dr. Lorene L. Essex, with the subject line of "Request for Family/Medical Leave."

20.     This memo acknowledged Plaintiff's request for FMLA leave to begin March 16, 2012 through the end of the school year.

21.     This memo stated Plaintiff was "not eligible" for leave under the FMLA.

22.     However, Defendant's own "Family and Medical Leave" policy, No. 3.305, issued March 3, 2011, states that eligibility requires employment "for at least twelve (12) months by the school system **or** anyone who has at least 1,250 hours of service . . . during the previous twelve month period." (emphasis added).

23.     By using the conjunction "or," instead of "and," Defendant's FMLA policy for eligibility is broader and more generous than what the FMLA law provides. Plaintiff clearly qualifies for FMLA under Defendant's policy.

24.     Moreover, under the FMLA itself, teachers presumptively meet the 1,250 hour requirement and Defendant bears the burden of proving otherwise.[1]

25.     Defendant did not maintain an accurate number of hours actually worked by Plaintiff, including times worked after the school hours.  For example, Plaintiff would sometimes work on weekends completing individualized education plans for special education students. Additionally, Plaintiff's large case load sometimes required that she skip lunch altogether.  Other times, she would have working lunches in order to maintain her case load.

---

[1] "In the event an employer does not maintain an accurate record of hours worked by an employee, including for employees who are exempt from FLSA's requirement that a record be kept of their hours worked (e.g., bona fide executive, administrative, and professional employees as defined in FLSA Regulations, 29 CFR part 541), the employer has the burden of showing that the employee has not worked the requisite hours. An employer must be able to clearly demonstrate, for example, that full-time teachers (see § 825.800 for definition) of an elementary or secondary school system, or institution of higher education, or other educational establishment or institution (who often work outside the classroom or at their homes) did not work 1,250 hours during the previous 12 months in order to claim that the teachers are not eligible for FMLA leave."

29 CFR 825.110

26.     The 1,250 hour of service requirement is calculated by adding the hours of service "during the 12-month period immediately preceding the commencement of the leave."

27.     Because Plaintiff's leave was to have commenced March 16, 2012, Plaintiff's eligibility should have been determined by whether she worked 1,250 hours <u>from March 15, 2011 to March 15, 2012</u>, which she did.

28.     Instead of performing this calculation, Defendant calculated Plaintiff's eligibility by adding the total hours it claimed Plaintiff worked during the 12 month period preceding the date <u>of Defendant's FMLA denial (May 11, 2012)</u>.  Thus, Defendant actually used the leave time itself (in March, April, and May) to deny that Plaintiff had worked 1,250 hours.

29.     Defendant provided its calculations in writing, as follows:

> **Teachers work 200 days per school year**
>
> **7.5 hours per day**
>
> **1500 hours per school year**
>
> **52 days absent x 7.5 hours a day = 390 hours**
>
> **1500-390 = 1110 hours worked**

30.     The "52 days absent" included the very FMLA period being sought—6 days in March, 20 days in April, and 5 days in May.  Moreover, it wholly failed to consider time worked outside of school hours (e.g. lesson plans, grades, and other out-of-school work) and ignored the presumption of FMLA eligibility for full time teachers.

31.     Not only did Defendant deny Plaintiff's leave, it also stopped Plaintiff's monthly pay. Defendant stopped paying Plaintiff in March of 2012 despite her annual employment which pays monthly (and, usually, through the summer).

32.     Defendant also terminated Plaintiff employment, or refused to rehire her in the normal course, through an alleged "non-renewal" of her contract for the school year of 2012-2013.  This caused Plaintiff to lose her job, pay, benefits and caused her pain including fear, anxiety, embarrassment, humiliation, and financial distress.

33.     Defendant's "non-renewal" of employment was clearly motivated by her use of FMLA qualifying leave (and/or fear that, due to her disability, she would be frequently absent again next year).  Indeed, it was on the very same date that it denied Plaintiff's FMLA leave (May 11, 2012) that Defendant wrote Plaintiff a letter stating that her contract would not be renewed for the 2012-2013 school year.

34.     Defendant was motivated to deny Plaintiff FMLA leave, her pay, and the renewal of her employment *because of*—i.e. a motivating factor and/or mixed motive—her FMLA qualifying absences and/or her request for use of FMLA.  Additionally, Defendant terminated Plaintiff's employment and refused to renew her employment because of its fears associated with Plaintiff's medical-related disability (i.e. that she would miss more work).  This is evidenced by the circumstances including the identical timing of May 11, 2012; by the preceding hostility to Plaintiff's use of medical leave; by the wrongful denial of FMLA leave in contravention of the Defendant's own policy; and by the fact that Plaintiff was considered a valuable employee previous to her use of medical leave.

## V. COUNT ONE

35.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-34 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the

exercise of or the attempt to exercise her rights under the FLMA, i.e. denying Plaintiff FMLA leave (and eventual job restoration) without "negative" action.

## VI. COUNT TWO

36. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-34 herein. By its actions alleged herein, Defendants violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or otherwise unlawfully discriminating against the Plaintiff for exercising her rights under the FMLA, i.e. taking adverse action of refusing pay, refusing leave, and termination of employment (through non-renewal of contract) because Plaintiff attempted to take FMLA qualifying leave and did use what amounts to FMLA qualifying leave.

## VII. COUNT THREE

37. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-34 herein. Defendant is equitably estopped from denying FMLA leave, as Plaintiff meets Defendant's FMLA policy for eligibility upon which she relied.  Accordingly, Plaintiff is entitled to job restoration.

## VIII. COUNT FOUR

38. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-34 herein. Defendant terminated Plaintiff's employment, and/or failed to rehire her, because of her "disability" (actual, perceived, and/or record of) and its fears that Plaintiff, because of her disability, would be required to miss days in the coming school year (2012-2013) too.

## IX. PRAYER FOR RELIEF

39. WHEREFORE, the Plaintiff prays for the following relief:

    A.    That proper process issue along with a copy of this complaint requiring the Defendants to appear and answer;

    B.    That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay, **immediate reinstatement** or front pay, plus an equal amount of liquidated damages and/or prejudgment interest;

    C.    Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

    D.    Compensation for the humiliation, embarrassment, and pain and suffering (under TDA claim only);

    E.    Reasonable attorneys' fees;

    F.    The costs and expenses of this action;

    G.    Such other legal and equitable relief to which Plaintiff may be entitled; and

    H.    Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC
s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF